IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAMIAN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-00410-CV-RK |
| ) | |
| MFA OIL COMPANY, MFA ) | |
| PETROLEUM COMPANY, BIG O ) | |
| TIRES, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER PARTIALLY REMANDING CASE

Before the Court is Plaintiff's motion to sever and remand part of Plaintiff's Complaint. (Doc. 8.) The motion is briefed.[1] (Docs. 9, 10.) After careful consideration, the motion is **GRANTED in part and DENIED in part.** Specifically, Plaintiff's motion as to Count V (Worker's Compensation) is **GRANTED** and Count V is severed and **REMANDED** to the circuit court of Johnson County, Missouri. Plaintiff's motion as to Counts I and II is **DENIED**. Plaintiff's motion for attorney's fees is **DENIED**.

### Background

Plaintiff filed his Complaint in Johnson County, Missouri, on May 13, 2021. Plaintiff alleges seven counts in his Complaint: (1) Disability Discrimination under the Missouri Human Rights Act ("MHRA"); (2) Failure to Accommodate under the MHRA; (3) Family and Medical Leave Act ("FMLA") Interference; (4) FMLA Retaliation; (5) Workers' Compensation Retaliation under the Missouri Workers' Compensation Law, Mo. Rev. Stat. § 287.780 et seq.; (6) Retaliation under the Americans with Disabilities Act as Amended ("ADAAA"); (7) Disability Discrimination under the ADAAA; and (8) Failure to Accommodate under the ADAAA. Defendants removed the action to this Court on June 14, 2021, under federal question jurisdiction. Plaintiff now moves to sever and remand Counts I and II because Defendants did not assert federal jurisdiction over those counts in their notice of removal, and moves to sever and remand Count V pursuant to 28 U.S.C § 1445(c), which states a cause of action arising under a state's workmen's compensation law is non-removable.

---

[1] Plaintiff's reply was due on August 4, 2021, and no reply was filed.

## Legal Standard

"[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction[.]" *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). "A defendant may remove an action to federal court if the case falls within the original jurisdiction of the district courts." *Gillespie v. Block Maint. Solutions*, No. 12-947-CV-W-DGK, 2012 U.S. Dist. LEXIS 155153, at *1 (W.D. Mo. Oct. 30, 2012) (citing 28 U.S.C. §1441(a)).

A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Furthermore, any doubts about the propriety of removal should be resolved in favor of remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam).

## Discussion[2]

### I. Count V- Workers Compensation

Plaintiff argues pursuant to 28 U.S.C § 1445(c), Count V must be remanded. Defendants agree Count V must be remanded. Accordingly, Count V of Plaintiff's complaint will be remanded to the Circuit Court of Johnson County, Missouri.

### II. Counts I and II

Plaintiff also argues Counts I and II should be remanded because Defendants did not assert federal jurisdiction over these state law claims. Plaintiff's argument is without merit. In a civil action in which courts have original jurisdiction, the courts have supplemental jurisdiction "over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Plaintiff's MHRA claims arise from the same case or controversy as his ADAAA and FMLA claims. He alleges that he has a disability and Defendants terminated him, failed to accommodate his disability, and interfered with his right to take FMLA leave, thus violating both state and federal law. This Court therefore has supplemental jurisdiction over Counts I and II.

Further, a removing party must remove the entire action, "not piecemeal claims for the parties to choose." *Arnold Crossroads, L.L.C. v. Gander Mountain Co.*, No. 4:12-CV0506 HEA,

---

[2] For ease of analysis, the Court addresses the Counts out of order.

2013 WL 1789441 at *1 (E.D. Mo. Apr. 26, 2013) (citing 28 U.S.C. §§ 1441(a), 1441(c)); *see also De Espina v. Jackson*, No. DKC 15–2059, 2015 WL 6122329 at *2 (D. Md. Oct. 15, 2015) (citing *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980)). As such, Counts I and II had to be removed. Additionally, 28 U.S.C. § 1446 only requires a removing party to provide a short and plain statement of the grounds for removal, as well as copies of pleadings, process, and orders. § 1446 does not require a removing party to specifically allege supplemental jurisdiction. *See McNerny v. Nebraska Pub. Power Dist.*, 309 F.Supp.2d 1109, 1116 (D.C. Neb. 2004) ("[W]here subject matter jurisdiction exists under 28 U.S.C. § 1331, supplemental jurisdiction need not be specifically pleaded if the relationship between the federal claim and the state claim permits the conclusion that the entire action is derived from a common nucleus of operative fact.") (citing *Lykins v. Pointer, Inc.*, 725 F.2d 645, 647 (11th Cir. 1984) and *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800, 809 n. 10 (2d Cir. 1971)). As the claims in this case are derived from the same nucleus of operative fact, supplemental jurisdiction was not required to be specifically alleged in the notice of removal. The Court has jurisdiction over Counts I and II and removal was proper. Therefore, Plaintiff's motion to remand Counts I and II will be denied.

### III. Attorney's Fees

Finally, Plaintiff requests attorney's fees. "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Pursuant to 28 U.S.C. § 1441(c)(1)(B), where a case includes "a claim that has been made nonremovable by statute," "the entire action may be removed if the action would be removable without the inclusion of the claim." Pursuant to § 1441(c)(2), "Upon removal [of the entire action] . . . the district court shall sever from the action [a claim made nonremovable by statute] and shall remand the severed claims to the State court." Here, as noted above, this action, without the inclusion of Count V, was removable. Because the entire action could be removed, Defendant had an objectively reasonable basis in removing the entire action. Plaintiff's request for attorney's fees will be denied.

**Conclusion**

Accordingly, and after careful consideration, Plaintiff's motion is **GRANTED in part and DENIED in part.** Specifically, it is **ORDERED** that:

1. Plaintiff's motion as to Count V (Worker's Compensation) is **GRANTED** and Count V is severed and **REMANDED** to the circuit court of Johnson County, Missouri.
2. Plaintiff's motion as to Counts I and II is **DENIED**.
3. Plaintiff's motion for attorney's fees is **DENIED**.

**IT IS SO ORDERED**.

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 9, 2021

4

Case 4:21-cv-00410-RK   Document 16   Filed 08/09/21   Page 4 of 4